## ANNA M. LAWSON ET UX., PLAINTIFFS, v. WEST JERSEY AND SEASHORE RAILROAD COMPANY, DEFENDANT.

Decided January 16, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the rule, *Bourgeois & Coulomb.*

*Contra, William C. French.*

PER CURIAM.

This suit was instituted by Mrs. Lawson and her husband against the defendant railroad company, the former seeking to recover compensation for injuries she received while alighting from a train at the South Camden station, in the city of Camden, and her husband seeking compensation for the expenses to which he was put by reason of his wife's injuries and for the loss of her services. The trial resulted in a verdict in favor of the plaintiffs, the jury awarding Mrs. Lawson the sum of $1,500, and her husband the sum of $300. The contention on the part of the defendant made upon the argument of the present rule is that the finding of the jury was contrary to the weight of the evidence on the question of liability.

The story of Mrs. Lawson was that as she was in the act of stepping off the train, which had stopped for the purpose of discharging passengers, it suddenly started up, throwing her

to the ground, thus inflicting upon her the injuries for which she sued. Her son and her grandson were passengers on the train, and the son corroborated her story as to the starting of the train while she was in the act of alighting. On the other hand, a large number of witnesses were called, several of them absolutely disinterested, who testified that the plaintiff had not got out of the body of the car before the signal was given for the train to start, and that after it had started she came out upon the platform and attempted to alight, her son and grandson having already left the car, and that in attempting to do this she fell and received the injuries of which she now complains.

A careful reading of the proofs sent up with the rule satisfies us that the contention of the defendant is entirely justified; that the verdict of the jury was the result of sympathy felt for the plaintiff, and was in plain disregard of the preponderance of the proof submitted to it for its consideration.

The rule to show cause will be made absolute.